UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH HARRIS**,

        Plaintiff,

**v.**

**GENERAL MOTORS, LLC,**
**AEROTEK, INC., MARK BENSON,**
and **DARREN SIMPSON,**

        Defendants.

Case No.

Hon.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

## COMPLAINT

Plaintiff Kenneth Harris, through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kenneth Harris ("Harris") is an individual who resides in Linden, Genesee County, Michigan.

2. Defendant General Motors, LLC ("GM") is a Foreign Limited Liability Company which conducts business in, amongst other locations, Flint, Genesee County, Michigan.

3. Defendant Aerotek, Inc. ("Aerotek") is a Foreign Profit Corporation which conducts business in, amongst other locations, Flint, Genesee County, Michigan.

4. Defendant, Mark Benson ("Benson"), is an individual who conducts business for Defendant, GM, in Flint, Genesee County, Michigan.

5. Defendant, Darren Simpson ("Simpson"), is an individual who conducts business for Defendant, Aerotek in Flint, Genesee County, Michigan.

6. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

7. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

**FACTUAL ALLEGATIONS**

8. Defendant GM owns and operates an automobile manufacturing company.

9. Defendant Aerotek owns and operates an employment staffing company.

10. Defendant Benson is employed as a manager for GM.

11. Defendant Simpson is employed as a Manager for Aerotek.

12. Plaintiff Harris worked for Defendants as a Quality Supply Engineer from about February 21, 2016 until December 14, 2018.

13. Harris does not have an engineering degree and did not manage anyone while he worked for Defendants.

14. Defendants compensated Plaintiff Harris at a rate of $30.00 per hour from February, 2016 until December 17, 2017, and raised his rate of pay to $31.80 per hour from December 18, 2017 through December 14, 2018.

15. Defendants regularly scheduled and/or required Plaintiff Harris to work 45-60 hours per week.

16. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

17. On more than one occasion, Plaintiff informed Darren Simpson, the Aerotek manager for the GM accounts, that he was being required to work overtime for which he was not being compensated.

18. In response to the above complaint, Simpson responded to Harris that he did not want to be told about the unpaid overtime work because the law would require him to take action concerning the overtime matter.

19. Harris also talked to his manager at GM, Mark Benson, about the fact that he was being required to work overtime with no compensation.

20. In response to the above complaint, Benson told Harris that he (Harris) was required to work more than 40 hours per week, but that there was no overtime pay available to Harris.

21. Benson also told Harris that he (Harris) was only permitted to report working 40 hours per week into the GM time keeping and pay system, although Benson was aware that Harris was being required to work more than 40 hours per week.

22. Harris sent daily reports when he left work for the day to Benson and to Benson's superior, Tom Pougnet, which evidenced the fact that Harris was working later than his scheduled shift.

23. Harris was required to participate in global conference calls and to otherwise perform work at home outside of his scheduled shift hours at GM.

24. On just two occasions, Harris was paid for one hour of overtime work.

25. Pursuant to the FLSA, Defendants were required to compensate Plaintiffs at 1 ½ times his rate of pay for all hours worked in excess of 40 hours per week.

26. Defendants did not compensate Plaintiff at 1 ½ times Plaintiff's rate of pay for hours worked in excess of 40 hours per week. Defendants instead required Harris to report working just 40 hours per week despite his repeated complaints to Defendants that he regularly work well in excess of 40 hours per week.

27. Plaintiff was not, at any time during his employment, exempt from the overtime pay requirements of the FLSA.

28. Defendants' failure to comply with the FLSA was willful, with knowledge, or with reckless disregard of the statutory requirements under the FLSA.

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

29. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

30. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

31. Plaintiff is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

32. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

33. Defendants had revenues in excess of $500,000 per year during the time of Plaintiff's employment with Defendants. 29 U.S.C. 203(s).

34. Defendants were required to compensate Plaintiff at 1 ½ times his regular hourly rate for hours worked in excess of 40 per week.

35. Defendants failed to compensate Plaintiff at 1 ½ times his regular hourly rate for hours worked in excess of 40 per week.

36. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for his unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

37. Based on an average of 48 hours per week, the difference between what Harris was paid and what he should have been paid is at least $52,720.00.

**WHEREFORE**, Plaintiff, Kenneth Harris, respectfully requests that this Court awards him at least $52,720.00 in actual unpaid overtime wages, an equal amount as liquidated damages, his reasonable costs and attorney fees, and such other relief as this court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

Dated: January 31, 2019

7